UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN T. MULL,

        Plaintiff,

     v.                                          Case No. 25-cv-1364-bhl

JOHN ZBARACKI,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Jovan Mull, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Mull's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Mull has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Mull has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $2.55. Mull's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

Case 2:25-cv-01364-BHL    Filed 12/04/25    Page 2 of 5    Document 12

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Mull, on April 3, 2025, he was confined in the restrictive housing unit. He asserts that Defendant Sgt. John Zbaracki and Officer Price (who is not a Defendant) responded to a report that Mull was covering his window. Mull states that Zbaracki gave him directives to stop engaging in disruptive behaviors and admits that he refused to comply. According to Mull, Zbaracki then "assaulted" him by "slamming [his] left arm in a trapbox deliberately and forcefully, using his riot shield to also grind the shield across Mull['s] knuckles and left arm." He states that Zbaracki also sprayed OC spray through his trap multiple times. Mull clarifies that he did not present a threat to himself or staff. Dkt. No. 1.

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "But not every malevolent touch by a security officer implicates the Constitution." *Id*. When evaluating force used by a state official against an inmate, the "core judicial inquiry" is whether the force "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. Although Mull acknowledges that he refused to comply with orders, the Court will allow him to proceed with an Eighth Amendment excessive force claim based on allegations that Zbaracki used more force than was necessary to maintain or restore discipline. Development of the record may reveal that Zbaracki applied force in good faith, but construing Mull's allegations broadly, the Court concludes he states a claim at this stage of the case.

**IT IS THEREFORE ORDERED** that Mull's first motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED** and his second motion for leave to proceed without prepaying the fling fee (Dkt. No. 6) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Mull's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on John Zbaracki.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, John Zbaracki shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Mull is located.

**IT IS FURTHER ORDERED** that the agency having custody of Mull shall collect from his institution trust account the $347.45 balance of the filing fee by collecting monthly payments from Mull's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Mull is transferred to another institution, the transferring institution shall forward a copy of this Order along with Mull's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Mull is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge